## Barbee v. Pa. Department of Transportation

*Marie Inyang,* for the Commonwealth.
*Paul Raver,* for defendant.

BIEHN, *J.,* October 17, 1985—Petitioner has appealed to this court from the suspension of his driver's license by the Department of Transportation, Bureau of Driver Licensing. For reasons stated below, we hereby sustain the appeal and reverse the department's order of suspension.

Petitioner's driving privileges were suspended for an alleged violation of §1785 of the Vehicle Code which provides as follows:

"§1785. Proof of financial responsibility following accident

"If the department determines that the owner of a motor vehicle involved in an accident requiring notice to a police department pursuant to §3746 (relating to immediate notice of accident to police department) did not maintain financial responsibility on the motor vehicle at the time of the accident, the department shall suspend the operating privilege of the owner, where applicable, and the department shall revoke the registration of the vehicle." 75 Pa.C.S. §1785.

Section 3746 requires that the driver of a vehicle involved in an accident shall immediately notify the police if the accident involves (1) injury to or death of any person or (2) damage to any vehicle to the extent that it cannot be driven without further damage or hazard and therefore requires towing. 75 Pa.C.S. §3746.

In the present action, it was stipulated that petitioner was involved in an accident and that the accident was reported to the police. However, it was also stipulated that no one was injured and none of the cars involved needed to be towed. Petitioner argues, therefore, that he did not violate §1785 as the accident in question was not of the type that requires notification be given to the police. It is the Commonwealth's position that since the accident was reported, §1785 is now applicable. We disagree.

The statutory language is clear. Section 1785 specifically applies to accidents requiring notice to a police department pursuant to §3746. The accident in which petitioner was involved did not require such notice. We cannot accept the Commonwealth's con-

tention that §1785 applies to all accidents of which the police were notified. Had the legislature intended such a result, it could have easily stated such.

Accordingly, petitioner's appeal is sustained.

### ORDER

And now, this October 17, 1985, after hearing, it is hereby ordered and directed that petitioner's appeal is sustained and the order of suspension is reversed.